IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THURLOW RADCLIFFE, ) | |
| ) | |
| Plaintiff, ) | No. 14 C 8633 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| RUSSEL G. WINICK & ASSOCIATES, P.C., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Thurlow Radcliffe has sued defendant Russel G. Winick & Associates, P.C. alleging a violation of the venue provision of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 (1977), based on defendant having brought suit against plaintiff in the wrong municipal district in the Circuit Court of Cook County, Illinois (the "Circuit Court"). Defendant filed an amended answer, which included the FDCPA statute of limitations as an affirmative defense. Plaintiff then filed an amended complaint alleging that the FDCPA violation occurred when defendant filed an application for wage garnishment against plaintiff's employer. Defendant has now moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. For the reasons discussed below, the court grants the motion to dismiss.

## BACKGROUND

Defendant filed a collection action against plaintiff on June 20, 2013, in the Circuit Court seeking to recover $9,735.14 on behalf of its client (the "collection action"). Final judgment against plaintiff in the collection action was entered on October 29, 2013. On January 2, 2014, defendant filed an application for wage garnishment against plaintiff's employer.

Plaintiff initiated the instant action on October 31, 2014, originally alleging that defendant violated the venue provision of the FDCPA, 15 U.S.C. §1692i(a)(2), when it filed the collection action in a court other than the court in the judicial district in which the plaintiff resides. Cook County is divided into six municipal districts. The Daley Center Courthouse, where the collection action was filed, is located in the first municipal district and is 31 miles from the plaintiff's home. The Markham Courthouse, located in the sixth municipal district where plaintiff resides, is 13 miles from plaintiff's home. Plaintiff alleges that defendant violated the FDCPA when it engaged in forum-shopping by filing the action in a remote courthouse, thus discouraging plaintiff from defending the action, and again by filing the application for wage garnishment.

## **DISCUSSION**

Defendant has moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004). The pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Id.

This standard demands that a complaint allege more than legal conclusions or "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when
2

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The complaint alleges that defendant violated the venue provision of the FDCPA when it filed the collection action in the first municipal district instead of the sixth municipal district. The venue provision of the FDCPA provides that, "Any debt collector who brings any legal action on a debt against any consumer shall...bring such action only in the judicial district or similar legal entity…in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2). [1]

Defendant argues that to the extent that plaintiff's claim is based on the initial filing of the collection action, the complaint is time barred. The FDCPA has a one-year statute of limitations. 15 U.S.C. §1692k(d). The collection action was filed on June 20, 2013. The instant action was filed on October 31, 2014, beyond the limitations period. Plaintiff does not dispute this. Instead, plaintiff argues that the application for wage garnishment filed by defendant in the collection action on January 2, 2014, constitutes a "separate legal action on a debt," thus initiating a new statute of limitations. In response, defendant argues that a wage garnishment is simply a post-judgment enforcement proceeding against an employer, not a consumer, and does not start a new limitations period.

The court agrees with defendant. A similar issue was addressed in Hill v. Freedman Anselmo Lindberg, LLC, 2015 WL 2000828 (N.D. Ill 2015), in which the plaintiff argued that the filing of a citation to discover assets was a new "separate legal action on a debt" triggering a

---

[1] See Suesz v. Med-1 Solutions, LLC, 757 F.3d 636, 638 (7th Cir. 2014) ("[T]he correct interpretation of 'judicial district or similar legal entity' in §1962i is the smallest geographic area that is relevant for determining venue in the court system in which the case is filed.")

new limitations period. The court disagreed, concluding that the citation was a "supplemental proceeding" in the collection action and that only the filing of the case itself is the violation that initiates the running of the statute. Id. at * 3. In reaching its decision, the Hill court distinguished Blakemore v. Pekay, 895 F.Supp. 972 (N.D.Ill 1995), stating that, "Blakemore is a single outlier in a wave of district court opinions that hold only the filing of a collection case initiates the running of the statute of limitations," and that "subsequent filings within the collection case do not constitute a continuing violation of the FDCPA so as to reset the statute of limitations." Id. The Hill court held post-judgment enforcement proceedings do not initiate the FDCPA statute of limitations. Id.[2]

This court agrees with Hill that supplemental proceedings in the same collection case do not initiate a new statute of limitations period. To conclude otherwise would render the statute of limitations meaningless. "The course of litigation is not, in itself, a 'continuing violation' of the FCDPA." Parker v. Pressler & Pressler, LLP, 650 F.Supp.2d 326, 338 (D.N.J. 2009). Thus, this court concludes that the filing of a wage garnishment application is within the course of the collection litigation and does not constitute a new legal action.

Plaintiff argues that Hill's holding should be limited to citations to discover assets, and that an application for a wage garnishment, unlike a citation to discover assets, does constitute a "separate legal action on a debt." See Blakemore, 895 F.Supp. at 982-83. But even if plaintiff is correct (and he is not), as Judge Blakey recently noted in Etro v. Blitt and Gaines, P.C., 2015 WL 1281521 (N.D. Ill March 18, 2015), courts in this district have held that applications for

---

[2]See also, Smith v. Solomon & Solomon, P.C., 714 F.3d 73 (1st Cir. 2013)(venue provision in the FDCPA does not control post judgment proceedings).

wage deductions are actions against the employer, not the debtor. "Because the summons is issued against an employer, courts in this circuit – including two courts from this district – have found that the Illinois wage deduction and garnishment schemes are not "legal action[s] against any consumer under the Fair Debt Collections Practices Act." Id. at * 2 (and cases cited therein).

Plaintiff argues that under §5/12-805 of the Illinois Code of Civil Procedure, wage garnishment proceedings are brought against both the employer and the judgment debtor. 735 ILCS 5/12-805. Etro rejected this same argument, and this court does as well. Section 5/12-805 does not expressly state that wage garnishment proceedings are brought jointly against the employer and debtor, and what it does state refutes that notion. 735 ILCS 5/12-805. Section 5/12-805(a) requires written interrogatories to be answered by the employer, and requires the clerk to issue service against the employer in an effort to command "the employer to appear in court." Id. Also, the "Wage Deduction Notice" provided in §5/12-805 reads, "The court shall be asked to issue a wage deduction summons *against the employer*…." Id. (emphasis added).

Plaintiff cites Adkins v. Weltman, Weinberg & Reis Co, 2012 WL 604249 (S.D. Ohio Feb. 24, 2012), in an attempt to establish that garnishment actions are against both the consumer and the employer, arguing that the Ohio statute governing wage garnishment proceedings interpreted in Adkins is substantially similar to the Illinois statute, and thus the Illinois statute should also be interpreted as against both the consumer and the employer. As Etro noted, however, "[u]nlike Illinois law, Ohio law defines garnishment proceedings as being 'against the judgment debtor' and not the garnishee." Etro, 2015 WL 1281521, at * 3 (N.D. Ill.). Thus, this court concludes, as did Etro, that Illinois wage garnishment actions are against the employer, and not the judgment debtor. Id. at * 2.

5

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for failure to state a claim is granted.

**ENTER:** **June 9, 2015**

_____
**Robert W. Gettleman
United States District Judge**